UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* <br><br> *Ford Fusion and C-Max Fuel Economy Litigation,* <br><br> *This Document Relates to All Actions* | Case No. 13-MD-2450 (KMK) <br><br> <u>ORDER NUMBER 1</u> |

KENNETH M. KARAS, District Judge:

The putative class action *Fellows v. Ford Motor Co.*, No. 13-CV-0906, was assigned to the Court on February 7, 2013. Three weeks later, *Teppich v. Ford Motor Co.*, No. 13-CV-1114 was assigned to the Court as related. On April 23, Ford Motor Co., Defendant in both actions, requested that the Court stay the actions, pending a transfer determination by the United States Judicial Panel on Multidistrict Litigation ("the MDL Panel" or "the Panel"). The Court granted the stay request. (Dkt. No. 16 (13-CV-0906 Dkt.).) On June 7, 2013, the Panel transferred *Fellows, Teppich,* and a number of other cases which involve claims of false or misleading advertising regarding the mileage estimates for Fusion hybrid and C-Max hybrid vehicles to this Court for coordinated or consolidated pretrial proceedings as *In re Ford Fusion and C-Max Fuel Economy Litigation*, 13-MD-2450. (Dkt. No. 1 (13-MD-2450 Dkt.).) These cases are listed individually as Schedule A Cases, appended below. The Court adopts the following procedures and rules.

**I. Applicability of this Order**

The provisions of this Order shall govern the practices and procedure in those actions that were transferred to this Court by the MDL Panel pursuant to its June 7 Order; all related

actions in which a plaintiff alleges that Ford Motor Co. engaged in false or misleading advertising in regard to the mileage estimates for the Fusion hybrid vehicle or the C-Max hybrid vehicle, which were filed in the Southern District of New York, and which have previously been or will be transferred to 13-MD-2450; and any "tag-along" actions later filed in, removed to, or transferred to this Court. The Clerk shall send a copy of this Order to counsel for any Plaintiffs or newly named Defendants in any case newly filed or transferred to this Court. This Order vacates any and all case management and scheduling orders issued by federal courts prior to the transfer of a case to 13-MD-2450. Moreover, all pending motions and discovery requests in the transferor courts—including in *Fellows* and *Teppich*—are denied without prejudice, and will be adjudicated under procedures set forth in this Order and subsequent orders issued by this Court.

## II. Consolidation

The civil actions listed on Schedule A, below, are consolidated for pretrial purposes. Any "tag-along" actions later removed or transferred to this Court, or directly filed in the Southern District of New York, will automatically be consolidated with this Action without the necessity of future motions or orders. This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a Party to any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

## III. Position Statements

By the close of business on July 23, 2013, the Plaintiffs jointly and the Defendant shall each send the Court separate statements, not to exceed three single-spaced pages, setting forth their preliminary understanding of the facts involved in the litigation and the critical legal issues, as well as a separate list of all related cases pending in federal or state court, together with their

current status, including discovery taken to date and pending motions, to the best of each Party's knowledge. These statements also *must be served* on opposing counsel, but they *shall not* be filed with the Clerk of the Court, will not be binding, will not waive claims or defenses, and may not be offered in evidence against a Party later in the proceedings. Responses and replies will not be allowed.

## IV. Caption

All orders, pleadings, motions, and other documents served or filed in 13-MD-2450 shall bear the following caption:

United States District Court
Southern District of New York

| *In re:* | |
|---|---|
| *Ford Fusion and C-Max Fuel Economy Litigation* | Case No. 13-MD-2450 (KMK) |
| *This Document Relates to* [either *"All Actions"* or identify specific actions by title and case number if the document does not relate to all of the consolidated cases.] | |

## V. Filing, Service of Documents, and Appearing *Pro Hac Vice*

All counsel are required to register for and participate in this Court's CM/ECF ("ECF") filing system. This system gives counsel immediate access to all electronically filed documents and obviates the need to make personal service on individual parties. Unless otherwise ordered, all documents shall be filed electronically via the Court's ECF system and must be filed in accordance with the Southern District of New York's Local Rules. A Plaintiff who resides in a federal district other than the Southern District of New York may not directly file an action in this MDL Proceeding.

The Court will serve all orders through the ECF system. Upon appointment, Plaintiffs' lead and/or liaison counsel shall be responsible for providing copies of any order, pleading, motion, letter, or other document to any Party/counsel who does not receive service of the order through the ECF system. Attorneys who are in good standing in each state in which they are a member of the bar and who are admitted to practice in any U.S. District Court may appear *pro hac vice* in this litigation, but the Court may require any such attorney to provide a certificate of his or her good standing.

## VI. Initial Conference

The Court will hold an Initial Conference on July 25, 2013 at 2:00 p.m., in Courtroom 521 of the Charles L. Brieant Courthouse, 300 Quarropas Street, White Plains, New York 10601. Counsel should adhere to the following instructions:

(1) Counsel are expected to be familiar with the *Manual for Complex Litigation* (4th ed.), which is available at https://public.resource.org/scribd/8763868.pdf. Counsel should also be prepared to suggest procedures that will facilitate expeditious, economical, and just resolution of this litigation. Finally, counsel should also read the Court's Individual Rules of Practice, which are available at http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=514.

(2) Each Party represented by counsel shall appear at this Initial Conference through his, her, or its attorney, who will have primary responsibility for representing the Party's interest in this litigation. Should a Party not represented by counsel appear in this multidistrict litigation, that Party must appear at future conferences in person, unless otherwise ordered. To minimize costs and facilitate a manageable conference, parties with similar interests may, to the extent practicable, agree to have an attending attorney represent their interests at the conference. A Party will not, by so designating an attorney to represent his, her, or its interests at the Initial

4

Conference, be precluded from other representation during the litigation. Attendance at the conference will not waive objections to jurisdiction, venue, or service.

(3) Counsel for the Parties shall confer in advance of the Initial Conference to develop a proposed agenda for the Initial Conference and a proposed schedule for pretrial activities including discovery and motions for the multidistrict litigation. The items listed in *Manual for Complex Litigation*, Sections 22.6, 22.61, 22.62, and 22.63 shall constitute a tentative agenda for the Initial Conference. Counsel for Ford Motor Co. shall send a letter, not to exceed three single-space pages, by the close of business on July 18, 2013, setting forth the Parties' proposals. The Parties shall also be prepared to discuss whether, and how, any discovery to date in any of the consolidated cases will influence the discovery schedule in these consolidated actions.

(4) Counsel for Plaintiffs, if they have not already done so, shall confer in advance of the Initial Conference and submit three recommendations for the positions of Plaintiffs' lead counsel and liaison counsel, respectively. Plaintiffs shall send to the Court, by the close of business on July 22, 2013, their recommendations for each position, along with each nominee's resume or CV (not to exceed three pages), which should include educational background, licensing status, and a short list of relevant experience with similar cases, as well as each nominee's certificate of good standing from the courts where he or she is admitted to practice. If Plaintiffs have reached consensus on one of the three recommendations for lead or liaison counsel, such consensus should be noted in Plaintiffs' submission. This submission *shall not be filed with the Clerk of the Court*. The duties of lead and liaison counsel are set forth in the *Manual for Complex Litigation*.

(5) Plaintiffs shall confer in advance of this conference and seek consensus on the necessity and desirability of establishing a Plaintiffs' steering committee or other committees, as

5

defined in the *Manual for Complex Litigation*, Section 10.221. Counsel shall be prepared to discuss the necessity and desirability of such committees, as well as their size, composition, scope, etc., at the Initial Conference.

## VII. Extension and Stay

In any case in which Defendant has not already answered, Defendant is granted an extension of time for responding to the Complaints by motion or answer until a date set by this Court. Pending the Initial Conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery requests shall be initiated. This Order does not, however, preclude the provision of voluntary discovery by any Party.

## VIII. Discovery

Ford Motor Company shall prepare to make any discovery that has been made available in any of the individual actions available and usable in all other cases consolidated in this multidistrict litigation promptly after the Initial Conference. Counsel shall also prepare to discuss scheduling issues relating to consolidated expert discovery.

All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. That duty extends to documents, data, and tangible things in the possession, custody, and control of parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice-mails, e-mails, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs, and cards, printouts, document image files, Web pages, databases, spreadsheets,

software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape, or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the Parties reach an agreement on a preservation plan or the Court orders otherwise, each Party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation. Counsel are under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of this directive.

SO ORDERED.

Dated:       White Plains, New York
                July 9, 2013

                                          KENNETH M. KARAS
                                          UNITED STATES DISTRICT JUDGE

## SCHEDULE A CASES

*Richard Pitkin, et al. v. Ford Motor Co. et al.*, 13-CV-0954 (C.D. Cal.)
*Pedro Magana v. Ford Motor Co.*, 13-CV-0608 (C.D. Cal.)
*In re Ford Fuel Efficiency Litigation*, 12-CV-2232 (C.D. Cal.)
*Susan Pliner v. Ford Motor Co.*, 13-CV-0147 (D.N.H.)
*Sandra Wright, et al. v. Ford Motor Co.*, 13-CV-0292 (D.N.M.)
*Robert Fellows v. Ford Motor Co.*, 13-CV-0906 (S.D.N.Y.)
*Naomi Teppich, et al. v. Ford Motor Co.*, 13-CV-1144 (S.D.N.Y.)