UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* | Case No. 13-MD-2450 (KMK) |
| *Ford Fusion and C-Max Fuel Economy Litigation,* | INITIAL REPORT OF PARTIES PURSUANT TO STANDING ORDER M10-468 RE: PILOT PROGRAM |
| *This Document Relates to All Actions.* | |

Pursuant to the Court's Standing Order Standing Order M10-468 re: Pilot Project Regarding Case Management (the "Standing Order") (Dkt. No. 5), Plaintiffs in the related actions comprising this multidistrict litigation ("MDL") and Defendant Ford Motor Company ("Ford" or "Defendant") respectfully submit this Initial Report on applicable topics set forth in Exhibit A to the Standing Order, reflecting the matters on which they agree and expressing their respective views concerning the issues on which they disagree.

## I.  Parties' Positions on Applicable Topics of Initial Pretrial Conference Checklist

### A.  Initial Disclosures Pursuant to Rule 26(a)(1)

#### 1.  Plaintiffs' Position

Plaintiffs do not believe there is any special circumstance that renders Initial Disclosures inappropriate in this case.  Plaintiffs also request that Defendant produce certain documents immediately, prior to the filing of Plaintiffs' Consolidated Amended Complaint.  Specifically, Plaintiffs request that Defendants produce documents previously produced to any state or federal governmental agency involving the fuel efficiency of the Vehicles at issue.  Additionally, Defendants should produce exemplar television, radio, and print advertisements regarding the Vehicles at issue, along with the date on which each advertisement was released and the location or geographic area where it was broadcasted or communicated.  Finally, Plaintiffs request production of any insurance policy that may satisfy a judgment in this litigation.

#### 2.  Ford's Position

Initial Disclosures should be exchanged 30 days after the Court rules on Ford's anticipated initial dispositive motion, because the scope of relevant discovery may be significantly affected by the rulings on such motion.  Ford does not agree that immediate production of any materials is

appropriate, particularly given that Plaintiffs allegations have not yet been set forth in the contemplated Consolidated Complaint.

**B.     Discovery Pending Dispositive Motion**

   **1.     Plaintiffs' Position**

It is Plaintiffs' position that no stay or limitation of discovery is necessary or appropriate pending a dispositive motion.  Not only is such a stay inappropriate in this case, which does not assert claims subject to a stay (such as a securities fraud claims subject to a PSLRA stay), but it is contrary to the procedures set forth for the pilot program to which this case is subject, as those procedures would not limit discovery of documents, ESI and other tangible things.  *See* Dkt. No. 5 at 4.  Plaintiffs' position is bolstered by the fact that a motion to dismiss in a similar class action against Hyundai Motor America was denied by the Central District of California.  *See Espinosa v. Hyundai Motor Am.*, Case No. CV 12-800-GW (FFMx) (C.D. Cal. Apr. 24, 2012) (Dkt. No. 26).

   **2.     Ford's Position**

Discovery should be stayed until after the Court rules on Ford's anticipated initial dispositive motion, because the Court's ruling may significantly affect the scope of relevant discovery.  The ruling of a different court in a different Circuit in a different case against a different manufacturer relating to different vehicles has no bearing on this question.

**C.     Preliminary Issues Likely to Arise Requiring Court Intervention**

   **1.     Plaintiffs' Position**

Plaintiffs do not foresee any particular issues that are likely to arise.  Plaintiffs will endeavor to address any issues that arise collaboratively with Defendant without the need of this Court's intervention.

- 2 -

2.      **Ford's Position**

Ford anticipates that the parties will disagree regarding: (a) the timing of the exchange of initial disclosures; (b) whether discovery should be stayed during the pendency of initial dispositive motions; (c) the time for filing class certification motions; and (d) the timing and sequence of expert discovery.  Ford will also endeavor to address any additional issues that may arise collaboratively with Plaintiffs, minimizing the need to seek the assistance of the Court.

D.      **Parties' Proposed Schedule for Fact and Expert Discovery**

1.      **Plaintiffs' Position**

| Pretrial Activity | Proposed Deadline Date |
|---|---|
| Deadline for Initial Rule 26 Disclosures | 30 days after the Initial Conference |
| Deadline for Joinder of Parties or Amendment of Pleadings | 60 days after Ford's Answer |
| Deadline for Submission of Agreed Plaintiff Fact Sheet Format | N/A – Plaintiffs object to using Fact Sheets unless they take the place of named plaintiff depositions and interrogatory responses. |
| Deadline for Plaintiff to submit Plaintiff Fact Sheet Responses | |
| Deadline to File Motions for Class Certification | 120 days after Ford's Answer |
| Deadline for Written Discovery Requests | 90 days after Class Certification Ruling |
| Fact Discovery Cut-Off / Discovery Motion Cut-Off Date | 45 days after Written Discovery Deadline |
| Deadline to File Dispositive Motions | 30 days after Fact Discovery Cut-Off |
| Deadline for Exchange of Expert Reports | 90 days after Fact Discovery Cut-Off |
| Deadline for Exchange of Rebuttal Expert Reports | 30 days after Expert Disclosures |
| Expert Discovery Cut-off | 60 days after Expert Disclosures |

1.

2.      **Ford's Position**

Prior to the preparation of this joint document, the parties conferred regarding proposed dates for the filing of a Consolidated Complaint by plaintiffs, and a briefing schedule for Ford's anticipated Rule 12(b) motion to dismiss.  As Ford indicated to Plaintiffs during their conference, Ford submits that the assessment of time required for each activity and the determination of particular deadline dates for those events is dependent on which claims are asserted by Plaintiffs, and which claims remain following the Court's rulings on the motion to dismiss.  The parties discussed, but did not reach agreement, as to the sequence of certain deadlines.  Ford does not agree with Plaintiffs' proposal for dispositive motions to precede expert discovery, as set forth above.  Ford's position regarding the proposed structure of the schedule, and those dates upon which agreement was reached during prior conference with Plaintiffs, is as follows:

| EVENT | FORD'S POSITION |
|---|---|
| Deadline to File Consolidated Complaint | September 22, 2013 (Agreed) |
| Deadline for Rule 12(b) Motions to Dismiss | November 22, 2013 (Agreed) |
| Deadline for Opposition to Rule 12(b) Motions to Dismiss | January 21, 2014 (Agreed) |
| Deadline for Reply to Rule 12(b) Motions to Dismiss | March 7, 2014 (Agreed) |
| Deadline for Initial Rule 26 Disclosures | 30 days following Court's ruling on motion to dismiss (Ford's Proposal) |
| Deadline for Joinder of Parties or Amendment of Pleadings | TBD |
| Deadline for Submission of Agreed Plaintiff Fact Sheet Format | TBD |
| Deadline for Plaintiff to submit Plaintiff Fact Sheet Responses | TBD |
| Deadline for Written Discovery Requests | TBD |
| Fact Discovery Cut-Off / Discovery Motion Cut-Off Date | TBD |

| | |
|---|---|
| Deadline for Plaintiff to Submit Expert Reports | TBD |
| Deadline for Completion of Depositions of Plaintiffs' Experts | TBD |
| Deadline for Defense Expert Reports | TBD |
| Deadline for Depositions of Defense Experts | TBD |
| Expert Discovery Cut-Off | TBD |
| Deadline to File *Daubert* motions, Dispositive Motions | TBD |
| Deadline to File Motions for Class Certification | TBD |

**E.     Discovery Limitations**

**1.     Plaintiffs' Position**

Plaintiffs do not believe there is any need to further limit discovery in this case.  To the contrary, Plaintiffs believe that certain discovery should be enlarged as set forth below.  Plaintiffs remain willing and available to meet and confer with Ford to see whether any compromises may be reached as to any limitations on discovery as these issues may arise in the course of litigation.

**a.     Depositions**

Plaintiffs propose that the limits on the number of depositions imposed by the Federal Rules of Civil Procedure shall not apply in this matter subject to the limitations set by the Court.  Plaintiffs request permission to take 20 party depositions.  Plaintiffs do not believe it is necessary to have agreement on whether to allow depositions of trial witnesses named, if not already deposed because, these MDL proceedings are for pretrial purposes only.

**b.**   Written Discovery

Plaintiffs request that the parties have permission to serve upon each party in the action, 75 interrogatories and 75 requests for admission, with requests to authenticate documents not counting towards the limit.

**c.**   Privilege Logs

Plaintiffs propose that any party that withholds documents on the basis of privilege shall serve a privilege log that complies with the requirements of Federal Rules of Civil Procedure within 14 days after completing any production of documents responsive to the document request to which the privilege was asserted.

**2.   Ford's Position**

Ford states that it is premature to determine whether limitations on the scope of discovery will be necessary, and that this determination cannot be made until after Plaintiff's Consolidated Complaint is served. Ford anticipates that, if necessary, the parties will meet and confer regarding the scope of discovery as contemplated by the Rules. At this time, Ford does not agree with Plaintiffs proposals regarding number of depositions, enlargement of interrogatories and requests for admissions, or the timing of production of privilege logs. In the event of a trial within the MDL, Ford would agree to allow depositions of trial witnesses not previously deposed in this matter, so long as those witnesses were appropriately identified during the discovery period.

**F.   Electronically Stored Information ("ESI")**

**1.   Plaintiff's Position**

Plaintiffs propose that the parties attempt to agree on a protocol for electronic discovery in this action. Within 45 days after the Initial Status Conference, the Parties will provide the Court with a joint ESI submission addressing the issues set forth in Exhibit B to the Standing Order Pilot Project Regarding Case Management.

### 2.      Ford's Position

ESI is an extremely broad term and appropriate ESI protocols and schedules may differ based on the type of ESI requested.  Ford believes that requests for, and subsequent agreements governing the production of, ESI should be discussed in the context of a specific request and tailored to the relevant issues and allegations in this case as the need arises.  As contemplated by the Rules, Ford anticipates that the parties will continue to meet and confer and discuss relevant categories of ESI as needed.

### G.      Expert Discovery

#### 1.      Plaintiffs' Position

Plaintiffs recommend that expert discovery follow any summary judgment practice. Plaintiffs respectfully request an opportunity to depose any expert witness of Defendant's.

#### 2.      Ford's Position

As set forth above in Ford's proposed structure for the schedule in this MDL, Ford maintains that expert discovery should precede summary judgment practice, and should precede briefing on any motion for class certification.  Ford believes expert discovery should follow the close of fact discovery, and should be structured to require sequential expert disclosures and discovery (with plaintiffs disclosing their experts first, followed by deposition of those experts, prior to Ford's disclosure of experts and the deposition of its experts, which would then be followed by a plaintiff's rebuttal expert disclosure and discovery period, if necessary).

### H.      ADR/Mediation

#### 1.      Plaintiffs' Position

The Parties have met and conferred regarding mediation and settlement.  Plaintiffs remain willing to discuss the possible resolution of this litigation at any time following limited preliminary

discovery.  A private mediator is Plaintiffs' preferable method of resolving of this litigation.  Limited preliminary discovery is necessary and should precede any settlement discussions.

### 2.      Ford's Position

At a minimum, it is premature to discuss the issue of settlement or mediation.  As the case is currently pleaded, there is no possibility of a class settlement.

### I.      Amendment of Pleadings

### 1.      Plaintiffs' Position

Plaintiffs will seek to file a consolidated amended complaint in the litigation within 60 days of the Initial Status Conference.  Plaintiffs should also be afforded an opportunity to file a further amended complaint after receiving discovery in this case.

### 2.      Ford's Position

Ford had previously agreed with Plaintiffs regarding the timing for filing a Consolidated Complaint, as set forth in Ford's proposed schedule structure, above.  Ford opposes any additional opportunities to amend the Consolidated Complaint.  Plaintiffs have filed a large number of Complaints in the transferred actions, including Amended Complaints in a number of matters, and at this point should be well-versed in the legal claims relating to their claimed injuries.  Plaintiffs should not be permitted to delay resolution of this MDL through additional amendments.

### J.      Joinder of Additional Parties

### 1.      Plaintiffs' Position

Plaintiffs do not have any present intent to name additional parties, but respectfully submit that they should be afforded an opportunity to name additional defendants after receiving discovery in this case.

### 2.     Ford's Position

Ford believes that a deadline to name additional parties should be incorporated in the schedule in this matter, as set forth in Ford's proposed schedule structure, set forth above.

DATED:  July 18, 2013

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT ROTHMAN
MARK S. REICH
AVITAL MALINA


*s/ Samuel H. Rudman*
SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
JACK REISE
STUART A. DAVIDSON
MARK DEARMAN
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

*Counsel for Plaintiffs*

GIRARD GIBBS LLP
ERIC GIBBS
GEOFFREY A. MUNROE
DAVID STEIN
601 California Street, 14th Floor
San Francisco, CA  94108
Telephone:  415/981-4800
415/981-4846 (fax)

*Counsel for Plaintiffs*

MORGAN & MORGAN, P.C.
JOHN A. YANCHUNIS
RACHEL L. SOFFIN
CHRISTOPHER S. POLASZEK
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL  33602
Telephone:  813/314-6484
813/222-2406 (fax)

MORGAN & MORGAN, P.C.
PETER SAFIRSTEIN
ELIZABETH METCALF
28 West 44th Street, Suite 2001
New York, NY  10036
Telephone:  212/564-1637
212/564-1807 (fax)

*Counsel for Plaintiffs*

MCCUNE WRIGHT, LLP
RICHARD D. MCCUNE
ELAINE S. KUSEL
2068 Orange Tree Lane, Suite 216
Redlands, CA  92374
Telephone:  909/557-1250
909/557-1275 (fax)

*Counsel for Plaintiffs*

SEEGER WEISS, LLP
JONATHAN SHUB
SCOTT ALAN GEORGE
77 Water Street, 26th Floor
New York, NY  10005
Telephone:  215/584-0700
215/584-0799 (fax)

*Counsel for Plaintiffs*

THE STECKLER LAW GROUP
BRUCE W. STECKLER
MAZIN SBAITI
12700 Park Central Drive, Suite 1900
Dallas, TX  75251
Telephone:  972/387-4040
972/387-4041 (fax)

*Counsel for Plaintiffs*

FARMER JAFFE WEISSING EDWARDS
FISTOS & LEHRMAN, P.L.
STEPHEN R. JAFFE
MARK FISTOS
SETH LEHRMAN
425 N. Andrews Avenue, Suite 2
Ft. Lauderdale, FL  33321
Telephone:  954/385-8995
954/524-2822 (fax)

*Counsel for Plaintiffs*

DLA PIPER US LLP
JOEL A. DEWEY
JEFFREY M. YEATMAN

<u>                    *s/ Joel A. Dewey*                    </u>
JOEL A. DEWEY

The Marbury Building
6225 Smith Avenue
Baltimore, MD  21209-3600
Phone: (410) 580-3000
Fax: (410) 580-3001

- 11 -

DICKINSON WRIGHT PLLC
JODI MUNN SCHEBEL
500 Woodward Avenue, Suite 4000
Detroit, MI  48226
Phone: (313) 223-3136
Fax: (313) 223-3598

*Attorneys for Defendant*
*Ford Motor Company*