UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 13-MD-2450 (KMK) |
| Ford Fusion and C-Max Fuel Economy Litigation, | PROPOSED SECOND AMENDED CASE MANAGEMENT AND SCHEDULING ORDER |
| This Document Relates to All Actions. | |

On January 12, 2017, the Court held an Interim Pretrial Conference. For the reasons stated on the record, the discovery requests Plaintiffs made in their November 17, 2016 letter (Dkt. No. 125), were denied. At the end of the conference, Plaintiffs' counsel inquired about the status of Defendant Ford Motor Company's ("Ford" or "Defendant") pending Motion to Dismiss the Consolidated Second Amended Complaint (Dkt. No. 101) because Plaintiffs' motion for class certification is currently due on January 26, 2017. The Court indicated that adjusting the schedule so that class certification briefing would be due after the Court rules on the pending motion to dismiss was reasonable and advised that the parties should submit a stipulation to that effect if they believed it was appropriate. Accordingly, by a joint letter-motion in the related actions comprising this multidistrict litigation ("MDL"), Plaintiffs and Ford respectfully request that the Court schedule oral argument on Ford's Motion to Dismiss and submit this Proposed Second Amended Case Management and Scheduling Order in the form set forth in this Court's standing orders and in accordance with Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure.

1. This case is to be tried to a jury.

2. No additional parties may be joined except with leave of the Court.

3. Amended pleadings may not be filed except with leave of the Court. To the extent Plaintiffs seek further amendment of the pleadings, Plaintiffs would be required to do so no later than 60 days after Ford files its Answer.

4. Initial disclosure pursuant to Rule 26(a)(1), Fed. R. Civ. P. will be completed no later than March 25, 2016.

5. Ford's Motion to Dismiss the Consolidated Second Amended Complaint (DE #101) shall be heard on _a date TBD_.

6. No additional discovery shall be conducted until the Court issues its opinion on Ford's Motion to Dismiss, excepting the resolution of issues subject to current, ongoing meet and confer efforts.

7. Phase 1 fact discovery is to be completed no later than 30 days after the Court issues its opinion on Ford's Motion to Dismiss, and the deadline for all other fact

1

discovery is 180 days after the Court issues its opinion on Ford's Motion to Dismiss.

8. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided the parties meet the completion date for all fact discovery in paragraph 7 above:

   a. Initial requests for production of documents to be served by April 15, 2016. Neither party can serve additional requests for production relating to Phase 1 discovery after this date without consent from the other party or leave from the Court on good cause shown.

   b. Interrogatories to be served by April 15, 2016. Neither party can serve additional interrogatories relating to Phase 1 discovery after this date without consent from the other party or leave from the Court on good cause shown.

   c. Depositions related to Phase 1 to be completed by January 26, 2017.

      i. Unless the parties agree or the Court so orders, depositions are not to be held until all parties have responded to initial requests for document production.

      ii. There is no priority in deposition by reason of a party's status as plaintiff or defendant.

      iii. Unless the parties agree or the Court so orders, non-party depositions shall follow initial party depositions.

      iv. Plaintiffs shall limit their Phase 1 fact witness depositions to a total of four, and such depositions shall be completed by January 26, 2017. Either party may request the Court to increase or decrease the number of individual Phase 1 fact depositions that may be taken, and such request may be granted only upon a showing of good cause.

      v. In addition to the depositions set forth in paragraph 6(c)(iv), Plaintiffs are entitled to one 30(b)(6) deposition. Pursuant to the parties' agreement, such deposition shall not exceed a combined total of 12 hours for all corporate representatives produced by Ford. Either party may request the Court to increase or decrease the time permitted and such request may be granted only upon a showing of good cause.

   d. Requests to Admit to be served no later than August 1, 2016. Neither party can serve requests for admission relating to Phase 1 discovery after

2

        this date without consent from the other party or leave from the Court on good cause shown.

9. All expert disclosures, including reports, production of underlying documents, and depositions are to be completed by the following deadlines:

   a. Plaintiffs' expert disclosures, including reports, relating to class certification issues shall be filed and served within 30 days after the Court issues its opinion on Ford's Motion to Dismiss. Depositions of expert witnesses offered in support of Plaintiffs' Motion for Class Certification shall be completed within 45 days of service of the expert reports.

   b. Ford's expert disclosures, including reports, relating to class certification issues shall be filed and served by or before the deadline for Ford to file its Response to Plaintiffs' Motion for Class Certification. Depositions of expert witnesses offered in support of Ford's response to Plaintiffs' motion for Class Certification shall be completed within 30 days of service of the expert reports.

   c. Plaintiffs' rebuttal expert reports, if any, offered in support of Plaintiffs' reply brief shall be filed and served by or before the deadline for Plaintiffs to file its Reply to Plaintiffs' Motion for Class Certification. Depositions of rebuttal expert witnesses offered in support of Plaintiffs' reply shall be completed within 30 days of service of the rebuttal expert reports.

   d. For Plaintiffs' Disclosures of Merits Expert(s), 30 days after Class Certification Order.

   e. For Ford's Disclosures of Merits Expert(s), 60 days after Class Certification Order.

   f. For Disclosures of Rebuttal Merits Expert(s), 75 days after Class Certification Order.

   g. For Exchange of Merits Expert Reports, 90 days after Class Certification Order.

   h. For Exchange of Rebuttal Merits Expert Reports, 120 days after Class Certification Order.

   i. For Merits Expert Discovery Cut-Off, 150 days after Class Certification Order.

10. Motions: All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Summary Judgment or other dispositive motions are due on or before the close of discovery. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least four (4) weeks prior to this deadline.

3

  a. Plaintiffs' Motion for Class Certification shall filed within 30 days after the Court issues its opinion on Ford's Motion to Dismiss.

  b. Ford's Response shall be filed no later than 75 days after Plaintiffs' Motion for Class Certification is filed.

  c. Plaintiffs' Reply shall be filed no later than 45 days after Ford's Response is filed.

11. a. Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge.

  b. The parties do not request a settlement conference before a United States Magistrate Judge.

12. a. Counsel for the parties have discussed the use of the Court's Mediation Program.

  b. The parties do not request that the case be referred to the Court's Mediation Program.

13. a. Counsel for the parties have discussed the use of a privately-retained mediator.

  b. The parties will consider use of a privately-retained mediator at a later date. The last day for mediation is 14 days after the close of fact discovery.

14. The parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. If this action is to be tried before a jury, proposed voir dire, jury instructions and a verdict form shall be filed with the Joint Pretrial Order. Counsel are required to meet and confer on jury instructions and verdict form in an effort to make an agreed-upon submission.

15. Remand of these multidistrict proceedings is required before trial.

---

TO BE COMPLETED BY THE COURT:

14. [Other directions to the parties:]

There will be no extensions of the discovery schedule without the permission of the Court, nor should counsel assume that any extensions will be granted. Counsel may seek permission for an extension of the discovery deadline of the magistrate judge to whom the

4

case is referred, but only after consenting to allowing the magistrate judge handle the case for all purposes.

    15.    The (next Case Management Conference) (Final Pretrial Conference) is scheduled for ___TBD___.

The movant's pre-motion letter is due _____;

The non-movant's response is due _____.

SO ORDERED

DATED:      January 20, 2017, White Plains, New York

                                              KENNETH M. KARAS
                                              UNITED STATES DISTRICT JUDGE

DATED: January 20, 2017                ROBBINS GELLER RUDMAN & DOWD LLP

                                                      s/Mark J. Dearman

                                      MARK J. DEARMAN
                                      STUART A. DAVIDSON
                                      120 East Palmetto Park Road, Suite 500
                                      Boca Raton, FL 33432
                                      Telephone: 561/750-3000
                                      561/750-3364 (fax)

                                      ROBBINS GELLER RUDMAN & DOWD LLP
                                      SAMUEL H. RUDMAN
                                      ROBERT ROTHMAN
                                      MARK S. REICH
                                      AVITAL MALINA
                                      58 South Service Road, Suite 200
                                      Melville, NY 11747
                                      Telephone: 631/367-7100
                                      631/367-1173 (fax)

ROBBINS GELLER RUDMAN & DOWD LLP
RACHEL L. JENSEN
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

GIBBS LAW GROUP LLP
ERIC GIBBS
DAVID STEIN
GEOFFREY A. MUNROE
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: 415/981-4800
415/981-4846 (fax)

Lead Counsel


MCCUNE WRIGHT, LLP
RICHARD D. MCCUNE
ELAINE S. KUSEL
2068 Orange Tree Lane, Suite 216
Redlands, CA 92374
Telephone: 909/557-1250
909/557-1275 (fax)

MORGAN & MORGAN, P.C.
JOHN A. YANCHUNIS
RACHEL L. SOFFIN
One Tampa City Center, 7th Floor
Tampa, Florida 33602
Telephone (813) 275-5272
(813) 223-5402 (fax)

FARMER JAFFE WEISSING EDWARDS
FISTOS & LEHRMAN, P.L.
STEPHEN R. JAFFE
MARK FISTOS
SETH LEHRMAN
425 North Andrews Avenue, Suite 2
Ft. Lauderdale, FL 33321
Telephone: 954/385-8995
954/524-2822 (fax)

SEEGER WEISS LLP
SCOTT ALAN GEORGE
77 Water Street, 26th Floor
New York, NY 10005
Telephone: 215/584-0700
215/584-0799 (fax)

THE STECKLER LAW GROUP
BRUCE W. STECKLER
MAZIN SBAITI
12700 Park Central Drive, Suite 1900
Dallas, TX 75251
Telephone: 972/387-4040
972/387-4041 (fax)

Plaintiffs' Executive Committee

7

DYKEMA GOSSETT PLLC

_____s/David M. George_____
DAVID M. GEORGE
JOHN M. THOMAS
PAUL L. NYSTROM
2723 South State Street, Suite 400
Ann Arbor, MI 48104
734-214-7660

PAUL L. NYSTOM
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
248-203-0855

AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
PETER JOSEPH FAZIO
600 Third Avenue
New York, NY 10016
212-593-5458


Attorneys for Defendant
Ford Motor Company