

Dykema Gossett PLLC
2723 South State Street
Suite 400
Ann Arbor, MI 48104
WWW.DYKEMA.COM

Tel:  (734) 214-7660
Fax: (734) 214-7696

**John M. Thomas**
Direct Dial: 734-214-7613
Direct Fax: 734-214-7696
Email: JThomas@dykema.com

February 9, 2017

The Honorable Kenneth M. Karas
United States District Judge
United States Courthouse
300 Quarropas St, Chambers 533
White Plains, NY 10601

Re:   *In Re Ford Fusion and C-MAX Fuel Economy Litigation,* Case No. 13-MD-2450 (KMK)
       Notice of Supplemental Authority in Support of Ford Motor Company's Motion To
       Dismiss the Consolidated Second Amended Class Action Complaint

Dear Judge Karas:

On behalf of Defendant Ford Motor Company, I write to inform this Court of the recent decision in *Gentry v. Hyundai Motor Am., Inc.,* 2017 U.S. Dist. LEXIS 8609 (W.D. Va. Jan. 23, 2017).  In that case, the court expressly followed this Court's decision on Ford's first motion to dismiss and held that claims virtually identical to the claims asserted here were preempted.

The plaintiff in *Gentry* alleged that Hyundai falsely advertised that the Hyundai Elantra "would obtain" 40 miles per gallon on the highway.  *Gentry* at *169.  Citing this Court's decision on Ford's first motion to dismiss, the court in *Gentry* recognized that "to avoid preemption, statements made in advertisements must go beyond the mere (and mandatory) disclosure of EPA fuel economy estimates."  *Gentry* at *177, citing *In re Ford Fusion & C-Max Fuel Econ. Litig.*, 2015 U.S. Dist. LEXIS 155383, 2015 WL 7018369, at *26 (S.D.N.Y. Nov. 12, 2015).  The *Gentry* court, once again citing this Court's decision, also recognized that claims "based on ads or window-stickers using EPA estimates and not defendants' statements about 'actual' fuel economy calculations" are preempted.  *Gentry* at *176-177, citing *In re Ford Fusion and C-Max* at *27.  Applying these principles to the case before it, the *Gentry* court held that claims based on representations that "properly disclose[d] that they are EPA estimates" were preempted.  *Gentry* at *178-180.

The same result is required here.  This Court has already recognized that "claims based on the mere use of EPA fuel economy estimates in advertisements … are preempted by federal law."  *In re Ford Fusion & C-Max* at *112.  The specific representations made by Ford identified in the Second Amended Complaint do not go beyond the mere use of EPA estimates.  AS in

Dykema

The Honorable Kenneth M. Karas
February 9, 2017
Page 2


*Gentry,* those representations were properly accompanied by a disclosure that the representations were based on EPA estimates.  Accordingly, as in *Gentry* and under this Court's prior decision, Plaintiffs' claims based on those representations are preempted.

Ford looks forward to addressing this issue in greater detail when this Court schedules a hearing on its motion.

Sincerely,

**DYKEMA GOSSETT PLLC**


*/s/ John M. Thomas*
John M. Thomas